UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ALLSTATE INTERIORS & EXTERIORS, INC.
    Plaintiff,

v.                                    C.A. No. 09-283ML

STONESTREET CONSTRUCTION, LLC
    Defendant, Third-Party Plaintiff

v.

WEYBOSSET HOTEL, LLC
    Third-Party Defendant.

**MEMORANDUM AND ORDER**

Mary M. Lisi, Chief United States District Judge.

This is an action by Allstate Interiors & Exteriors, Inc., ("Allstate") against Stonestreet Construction, LLC ("Stonestreet") for "an outstanding balance due and owing" in connection with a subcontract between Allstate and Stonestreet. Stonestreet has asserted counterclaims against Allstate, and third-party claims against Weybosset Hotel, LLC ("Weybosset"). Weybosset has now moved to dismiss the third-party claims for lack of an independent basis of subject matter jurisdiction. In the alternative, Weybosset seeks this Court's abstention on the third-party complaint. For the reasons set forth below, Weybosset's motion is DENIED.

**I. Background**

In November 2007, Stonestreet and Weybosset entered into a construction agreement (the "Contract"), pursuant to which Stonestreet was to provide general contractor services for

improvement (the "Project") to Weybosset owned property in Providence known as the Hampton Inn & Suites (the "Property"). Third Party Complaint ¶ 5. In January 2008, Stonestreet entered into an agreement (the "Subcontract") with Allstate to perform certain work at the Property. The Subcontract contains a pay-when-paid provision that states "[i]t is agreed that [Stonestreet], as a condition precedent to payment of any monies which become due to [Allstate], must first receive payment from [Weybosset]." Id. ¶ 9.

On June 26, 2009, Allstate, Stonestreet's largest subcontractor on the Project, filed a complaint against Stonestreet in this Court, alleging that Stonestreet owes to Allstate $244,725 for labor and materials Allstate provided for the Project. Complaint ¶ 8.[1] Allstate's complaint includes claims of (Count I) Breach of Contract; (Count II) Breach of the Covenant of Good Faith and Fair Dealing; (Count III) Quantum Meruit; and (Count IV) Unjust Enrichment. Jurisdiction of this Court is asserted on the basis of diversity - Allstate is a New York corporation and Stonestreet is a Rhode Island limited liability company. Complaint ¶¶ 1, 2.

In its answer to Allstate's complaint, Stonestreet asserts, inter alia, that "Allstate has no claim against Stonestreet on the

---

[1] Prior to filing its lawsuit against Stonestreet in this Court, Allstate filed a petition in state court to enforce a mechanics lien against Weybosset for "materials and labor furnished to Stonestreet . . . which materials were used in the construction, alteration, erection or reparation of the Property." Weybosset's Mem. Mot. Dismiss, Ex. F. The petition sought payment in the amount of $152,322.99.

agreement that is the subject of Allstate's claims because conditions precedent to Stonestreet's performance were not satisfied." Answer 4. In addition, Stonestreet raises a counterclaim against Allstate, stating that "Allstate breached the [Subcontract] when it failed to perform the work pursuant to the parties' agreement." Id. at 5.

On September 14, 2009, Stonestreet filed a third-party complaint against Weybosset which, like Stonestreet, is a Rhode Island limited liability company. The third-party complaint states that "[b]eginning in 2007 and continuing through the present," Stonestreet performed as the general contractor on the Project. Third Party Compl. ¶ 7. Stonestreet alleges that it did not receive payment for sums due under the Contract, "including sums that may be due for Allstate's work on the Project," id. ¶ 10, and that "Stonestreet is entitled to payment from Weybosset before Stonestreet is required to pay Allstate." Id. ¶ 12.

In addition to breach of contract, breach of good faith and fair dealing, and unjust enrichment, Stonestreet claims tortious interference with contractual relations and indemnification. With respect to the tortious interference claim, Stonestreet asserts that Weybosset, instead of paying Stonestreet pursuant to the Contract, has contacted "certain of Stonestreet's subcontractors on the Project, making representations and negotiating with those subcontractors, paying subcontractors discounted amounts, and interfering with Stonestreet's subcontractor relations." Id. ¶ 29. Regarding the indemnification claim, Stonestreet states that

"Weybosset's failure to pay Stonestreet caused Stonestreet to breach its subcontract with Allstate and/or other subcontractors on the Project," and that Stonestreet is entitled to indemnification by Weybosset for damages sustained from such breaches. Id. ¶ 32.

On October 30, 2009, Allstate and Stonestreet requested a continuation of the scheduled pretrial conference on the ground that the parties were discussing settlement. The Court granted that request. As counsel for Allstate explained at the hearing on Weybosset's motion to dismiss the third party complaint, Allstate and Weybosset have resolved Allstate's claim against Weybosset in state court and the lien filed by Allstate against Weybosset has been discharged. That settlement effectively resolved some of Allstate's claims against Stonestreet; however, because Stonestreet maintains its counterclaim against Allstate, Allstate has not moved to dismiss the claim it brought against Stonestreet in this Court.

Although Weybosset asserts that "Allstate will be filing a Dismissal Stipulation of Allstate's claim," no such stipulation has been filed as of this writing. Consequently, Allstate's claim against Stonestreet and Stonestreet's related counterclaim remain as viable, unresolved actions in this Court.

## II. Related State Court Proceedings

As detailed by Weybosset in its supporting memorandum, there has been ongoing litigation in state court between these parties which parallel the proceedings in this Court to some extent. In June 2009, Weybosset sought the dismissal of a mechanics lien filed against it by Stonestreet. The approximate value of the mechanics

lien was assessed at $1,704,906.91. In July 2009, Stonestreet filed a complaint in state court against Weybosset for the enforcement of the mechanics lien, again seeking payment of $1,704,906.91. In August, 2009, the Superior Court granted Weybosset's motion to dismiss the mechanics lien. Stonestreet immediately filed an appeal, which is currently pending before the Rhode Island Supreme Court.

### III. January 21, 2010 Hearing

At the hearing before this Court on Weybosset's motion to dismiss the third-party complaint, Allstate confirmed that it has settled its claim against Weybosset and that the state court mechanics lien action against Weybosset was dismissed. Allstate also stated that it would be prepared to dismiss its claim against Stonestreet in this Court, but for Stonestreet's counterclaim against Allstate. Stonestreet explained that its counterclaim against Allstate was based primarily on chargebacks asserted against Stonestreet by Weybosset for work performed by Allstate. According to Stonestreet, Allstate performed work at the Property in July 2009, for which it expected to be paid. When Weybosset did not make payment, Allstate sought payment from Stonestreet. Stonestreet alleges that Weybosset's attempt to backcharge Stonestreet for Allstate's work is part of the reason Weybosset has refused to pay Stonestreet $1.7 million in fees that Stonestreet is seeking under the Contract.

Although Stonestreet concedes that the claims brought in state court are essentially the same as those raised in this Court, Stonestreet is now also asserting a new claim against Weybosset for

tortious interference with Stonestreet's subcontracts. In addition, Stonestreet pointed out that a resolution of its counterclaim against Allstate would require a determination regarding certain payments Weybosset was required to make under the Contract. Stonestreet insists that Weybosset will be at the focus of Stonestreet's counterclaim against Allstate and that Weybosset will be central in terms of recovery.

After taking Weybosset's motion under advisement, the Court requested the parties to notify it within three weeks of any progress or lack thereof in resolving the matter. Stonestreet's counsel informed the Court by letter dated February 11, 2010 that no meaningful progress toward settlement had been made.

## IV. Standard of Review

Pursuant to 28 U.S.C. § 1367, a federal court has supplemental jurisdiction over certain claims even if they do not provide an independent basis for federal subject matter jurisdiction. See Wright & Miller, 13D Federal Practice and Procedure, §3567.2 p. 368 (2008). Section 1367(a) provides that

> "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. §1367(a).

State and federal claims form part of the same case and controversy if they "'derive from a common nucleus of operative fact' or ' are such that [they]. . . would ordinarily be expected to [be] tr[ied] in one judicial proceeding.'" Penobscot Indian Nation v. Key Bank of Maine, 112 F.3d 538, 563 (1st Cir. 1997)(quoting United Mine Workers v. Gibbs, 383 U.S. 715, 725, 86

S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966)).

The Court has discretion to decline jurisdiction

> "if (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c).

Pejepscot v. Indus. Park, Inc. v. Maine Cent. R.R. Co., 215 F.3d 195, 206 (1st Cir. 2000)("The decision whether to exercise supplemental jurisdiction is left to the sound discretion of the district court.").

### V. Discussion

Weybosset suggests that, "[w]ith the settlement of Allstate's claims," the case before the Court only involves two Rhode Island companies. Weybosset Mem. 7. It is undisputed, however, that Allstate, although its state court claim against Weybosset has been settled, has not dismissed its claim against Stonestreet in this Court and that the related counterclaim is still being asserted by Stonestreet. Moreover, Allstate's claim against Weybosset in state court sought payment of only $152,322.99, whereas Allstate's claim against Stonestreet in this Court seeks $244,725 for labor and materials, which may indicate that not all of Allstate's claims against Stonestreet have been resolved. Although Allstate's counsel represented at the hearing that Allstate's claim was satisfied and that it was prepared to dismiss its claim against Stonestreet, he conceded that the matter was still pending in light of Stonestreet's continued prosecution of its counterclaim. Therefore, Allstate's claim, which is the basis for this Court's

diversity jurisdiction, continues to be viable and will have to be determined by this Court.

The differences between the parties to this litigation arise from two contracts related to the same construction project. Based on the parties' pleadings and their representations at the hearing, it appears that Stonestreet refused to pay Allstate for work it performed on the Project because Stonestreet had not received payment from Weybosset for such work. Specifically, Stonestreet relied on a pay-when-paid clause in the Subcontract to justify its not paying Allstate for its work. In addition, Stonestreet has alleged that Weybosset's direct payment to Allstate in settlement of the mechanics lien constitutes tortious interference with the contractual relations between Stonestreet and Allstate.

It is possible that, based on the amount in controversy in Stonestreet's claim against Weybosset, which is considerably larger than the claim asserted by Allstate against Stonestreet, the "state" claim may eventually predominate over the "federal" claim. However, given Stonestreet's representation that resolution of Allstate's claim and Stonestreet's counterclaim requires determination of whether Weybosset breached the Contract, this Court is of the opinion that Stonestreet's claim against Weybosset is inextricably intertwined with the claims already within this Court's original jurisdiction. Therefore, it is appropriate for this Court to maintain supplemental jurisdiction over the third-party complaint.

## Conclusion

For the reasons set forth above, Weybosset's motion to dismiss

the third party complaint or, in the alternative, for the Court's abstention on the third party complaint, is DENIED.

SO ORDERED.

/s/ Mary M. Lisi

Mary M. Lisi

Chief United States District Judge

February 24, 2010