UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ALLSTATE INTERIORS & EXTERIORS, INC.
    Plaintiff,

v.                                                                C.A. No. 09-283-ML

STONESTREET CONSTRUCTION, LLC
    Defendant, Third-Party Plaintiff,

v.

WEYBOSSET HOTEL, LLC
FIRST BRISTOL CORPORATION and
J. KARAM MANAGEMENT
    Third-Party Defendants.

**MEMORANDUM AND ORDER**

Stonestreet Construction, LLC ("Stonestreet") has moved (1) to amend the November 16, 2012 judgment (the "Judgment")(Dkt. No. 185) in favor of Stonestreet against Weybosset Hotel LLC ("Weybosset") to include costs incurred by Stonestreet (Dkt. No. 210); and (2) to enforce the liability of the North American Specialty Insurance Company ("NASIC" or the "Surety"), which posted a bond (Dkt. No. 206) on Weybosset's behalf to satisfy the Judgment. (Dkt. No. 211). Weybosset has filed objections with respect to both requests by Stonestreet. (Dkt. Nos. 214 and 215). On its part, Stonestreet has filed replies to Weybosset's objections (Dkt. Nos. 216 and 217). In light of the parties' detailed written submissions, the Court will proceed to a determination without holding yet another hearing in this case.

## I. Background Summary

The factual and procedural background of the prolonged litigation between Stonestreet and Weybosset has been repeatedly set forth in some detail. See e.g., Allstate Interiors & Exteriors, Inc. v. Stonestreet Constr., LLC, 730 F.3d 67 (1st Cir. 2013); Allstate Interiors & Exteriors, Inc. v. Stonestreet Constr., LLC, 907 F.Supp.2d 216 (D.R.I. Oct. 31, 2012).

After this Court awarded $571,595 in damages to Stonestreet following a ten-day bench trial, Weybosset filed an appeal to the First Circuit Court of Appeals. The Judgment against Weybosset was stayed pending appeal after Weybosset obtained a $962,000 appeal bond from the Surety. On September 20, 2013, the decision by this Court was affirmed in its entirety. (Dkt. No. 207). Costs for the appeal were taxed in favor of Stonestreet in the amount of $471.54.

In a subsequent Memorandum and Order (Dkt. No. 212), this Court granted Stonestreet's Motion for Taxation of Costs in the amount of $39,943 (Dkt. No. 188). In addition, the Court granted, in part, Stonestreet's Motion for Expert Fees (Dkt. No. 193). The Court, for reasons set forth in its Memorandum and Order, declined to award the full amount of $28,894 sought by Stonestreet for the deposition of its expert witness and it directed Weybosset to pay Stonestreet a reduced amount of $9,269.

## II. Amendment of Judgment

Stonestreet filed its Motion to Amend the Judgment (Dkt. No. 210) before this Court reduced the claim for expert fees; accordingly, in its Motion to Amend, Stonestreet still sought the

full amount of $28,894 that was subsequently reduced by this Court to $9,269. In its objection, Weybosset "objects with regard to the expert fees, but acknowledges the other costs." Obj. at 1 (Dkt. 215-1). Stonestreet's reply (Dkt. No. 217) correctly reflects the reduced expert fees. In the absence of any other objection to Stonestreet's motion, the motion to amend the Judgment is granted. The Clerk is directed to enter an Amended Judgment to reflect the addition of $39,943 in costs, $9,269 in expert fees, and $471.54 in costs taxed against Weybosset by the First Circuit Court of Appeals.

**III. Enforcement of Surety's Liability**

Stonestreet seeks to enforce the Surety's liability for the Judgment against Weybosset, pursuant to Fed. R. Civ. P. 65.1 and Local Rule 65.1.

Fed. R. Civ. P. 65.1 provides, in pertinent part:

> Whenever these rules . . . require or allow a party to give security, and security is given through a bond or other undertaking with one or more sureties, each surety submits to the court's jurisdiction and irrevocably appoints the court clerk as its agent for receiving service of any papers that affect its liability on the bond or undertaking. <u>The surety's liability may be enforced on motion without an independent action.</u> The motion and any notice that the court orders may be served on the court clerk, who must promptly mail a copy of each to every surety whose address is known. Fed. R. Civ. P. 65.1 (emphasis added).

See also Global Naps, Inc. v. Verizon New England, Inc., 489 F.3d 13, 20 (1st Cir. 2007)(Rule 65.1 provides a "summary procedure for the enforcement of liability against a surety" without the need of filing an independent action). The First Circuit has noted that

-3-

"[t]he operation of Rule 62 is also informative. Rule 62 grants the district court 'power ... [to] protect an enforceable judgment,' which includes the power to "'protect the winner from any subsequent harm suffered through appellate delay.'" Global Naps, Inc. v. Verizon New England, Inc., 489 F.3d at 20-21(quoting J. Perez & Cia., Inc. v. United States, 747 F.2d 813, 815 (1st Cir.1984) (quoting Redding & Co. v. Russwine Constr. Corp., 417 F.2d 721, 727 (D.C.Cir.1969)).

In support of its motion, Stonestreet represents that (1) following issuance of the First Circuit's mandate, the Judgment became final; (2) Weybosset has not satisfied the Judgment in full or in part; (3) NASIC is a surety as contemplated under Rule 65.1. Stonestreet seeks to enforce liability against the Surety in the amount of $856,744.36 plus post-judgment interest since November 16, 2012 (the day Judgment originally entered in this case).

In its objection to Stonestreet's motion, Weybosset states that it "stands ready to satisfy the judgment against it without the need to resort to the posted surety," but for one "outstanding issue." Weybosset's Obj. at 1 (Dkt. No. 214-1). According to Weybosset, a $20,000 mechanics' lien filed in 2008 by Desperini, one of Stonestreet's subcontractors, remains unresolved. Weybosset further states that it has filed a motion in state court to attach Stonestreet's assets in the amount of $35,000 to satisfy such lien. Weybosset now suggests that

> "in light of the lien and Stonestreet's obligation to discharge it, Weybosset should be permitted to post in the Superior Court Registry an amount adequate to satisfy

-4-

> the Desperini lien, and that deposit of such funds, together with payment of the balance of the judgment, would constitute satisfaction of the judgment herein."

In response, Stonestreet points out that Weybosset's counterclaims, including claims for indemnification of subcontractors' claims, were dismissed; that Weybosset did not appeal that dismissal; and that no further issues between the parties require resolution by this Court. Stonestreet's Reply at 2 (Dkt. No. 216).

The Court agrees. There is no contention on Weybosset's part that NASIC is not a surety as contemplated under Rule 65.1. All issues between the parties were tried and resolved in this Court. The Judgment entered by this Court was challenged by Weybosset on appeal and it was affirmed by the First Circuit on September 20, 2013. A formal mandate issued on October 18, 2013. According to Stonestreet - and uncontested by Weybosset - Weybosset has not paid any portion of the Judgment to Stonestreet. Weybosset has had ample time to satisfy the Judgment against it. Notwithstanding Weybosset's claim that it continues to challenge a very small portion of the Judgment against it in a different court, it is telling that Weybosset has not paid even the uncontested portion of that Judgment. Weybosset's assertion that it "stands ready to satisfy the judgment against it without the need to resort to the posted surety" disregards the fact that Weybosset has elected not

-6-

to avail itself of that opportunity even to the date of this Memorandum and Order. Under those circumstances, Stonestreet is entitled to enforce the Surety's liability as requested.

### IV. Conclusion

Stonestreet's motion to amend the Judgment is GRANTED as set forth herein. Stonestreet's motion to enforce the Surety's liability is GRANTED.

SO ORDERED.

/s/ Mary M. Lisi

Mary M. Lisi
United States District Judge

December 4, 2013